**Floyd A. BEASLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13433.**

United States Court of Appeals
Sixth Circuit.

June 9, 1953.

Millsaps Fitzhugh, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

Floyd A. Beasley, who is now confined in the Medical Center at Springfield, Missouri, filed a motion in the United States District Court for the Western District of Tennessee, on August 9, 1957, alleging that unlawful sentence had been pronounced upon him in February of 1946 because his conviction had been based upon illegal evidence admitted during his trial by the jury which convicted him.

The record shows that the able attorney for the petitioner had, before his trial, filed an elaborate motion to suppress evidence, with an accompanying affidavit. The evidence then referred to was in substance the same as that referred to in the motion filed in the district court on August 9, 1957. Upon the trial of the case, the motion to suppress was heard and testimony thereon taken outside the presence and hearing of the jury; and the motion was overruled. The defendant testified—upon the hearing of his motion—concerning the search, which he then charged and now insists was unlawful.

In 1948, appellant filed an extended motion in the district court in which he urged again that he was convicted on evidence unlawfully seized.

This petition for a new trial was overruled and there was no appeal. It is thoroughly established that a motion to vacate sentence under section 2255 of Title 28 U.S.C., is not to be substituted for a direct appeal.

In overruling the motion to vacate sentence from which appeal has been taken to this court, United States District Judge Boyd in his order stated that the prisoner had been tried by a jury and convicted of using the mails in an effort to extort a large sum of money and that he had been sentenced to a long term and a large fine. The judge stated that his memory of the evidence at the trial was very clear and vivid; that the prisoner had made similar lengthy accusations of unlawful search of his premises by agents of the Federal Bureau of Investigation previous to his trial, and had filed a lengthy affidavit and motion to suppress the evidence obtained by the Federal Bureau of Investigation. The judge stated further in his order that he had let the motion to suppress be brought up by objections to the evidence at the time of the trial and had heard in the customary manner outside the presence and hearing of the jury the details of the alleged unlawful search, including the testimony of appellant. The district court held the evidence to be competent and the trial proceeded, it being ruled that the actions of the Federal Bureau of Investigation agents in conducting the search were lawful and proper. There was no appeal from the judgment of conviction and sentence.

In its order overruling appellant's motion to vacate sentence, the district court found that the motion on its face and the files and records in the case show conclusively that the prisoner is not entitled to any relief prayed in his motion. After consideration of the briefs, the record, and the record in the original trial of the case, we are of opinion that denial by the district judge of the motion to vacate sentence was correct.

The order of the district court is accordingly affirmed.